UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUNWEALTH GLOBAL HK LTD., ET AL.

    Plaintiffs,

vs.

PINDER INTERNATIONAL, INC., ET AL.,

    Defendants.

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION**

Case No.: 20-cv-01436-ER

---

    This matter, having come before the Court by stipulation of Plaintiffs, Sunwealth Global HK Ltd. and Anil Kumar Dhanwani, and Defendants, Pinder International, Inc. 30 Below Corp. f/k/a Ckel Generation Corp., and Jitander Singh Dhall, (individually, "Party," and collectively, "Parties") for the entry of a protective order pursuant to Federal Rules of Procedure 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms of this stipulation;

    It is ORDERED that:

1. This stipulation is entered to facilitate the production, exchange and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment ("Documents" or "Testimony").

2. Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "Confidential" or "Highly Confidential" either by designating by notation each page of the Document, a statement on the record of a deposition, written notice to the respective undersigned counsel for the Parties, or other appropriate means.

3. Definitions of terms used in this stipulation:

    (a) "Confidential Information" shall mean financial information, private financial information, operating financial information, marketing strategy and techniques, and competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

       Confidential Information may be oral, a tangible thing, a document (as defined in the Federal Rules of Civil Procedure), information contained in a document, information revealed during a deposition, or information revealed in an interrogatory answer or other discovery.

   (b) "Highly Confidential Information" shall mean information within the scope of Federal Rule of Civil Procedure 26(c)(1)(G) that constitutes current or future business or technical trade secrets and plans that are more sensitive or strategic than Confidential information, including trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party designating the material as highly confidential, is likely to significantly harm that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients. Highly Confidential Information may be oral, a tangible thing, a document (as defined in the Federal Rules of Civil Procedure), information contained in a document, information revealed during a deposition, or information revealed in an interrogatory answer or other discovery.

   (c) "Producing Party" shall mean the Parties to this action and any non-parties producing "Confidential Information" or "Highly Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party designating a Document or Testimony as confidential, as the case may be.

   (d) "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Confidential Information" or "Highly Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

4.    If a Receiving Party disputes the Producing Party's designation of documents or things as Confidential Information or Highly Confidential Information:

   (a)    The Receiving Party shall notify the Producing Party in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing that the designation of those materials be changed or withdrawn.

   (b)    Within seven (7) days of the written notification, the Receiving Party and the Producing Party shall meet and confer to attempt to resolve the dispute without the Court's involvement.

   (c)    If the parties cannot resolve the dispute, then the Receiving Party's proposed change to the designation shall be applied fourteen (14) days after the date of the meet and confer unless the Producing Party files a request for a pre-motion conference within the fourteen-day period, whereupon the material will retain the Producing Party's designation until the Court rules otherwise.

    (d)    If a discovery dispute is raised with the Court, the Producing Party bears the burden of proving that the information is properly designated.

5. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except:

   (a) personnel or employees of the Parties who are engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   (b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   (c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 below;

   (d) the Court and court personnel;

   (e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

   (f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 10 and 11, respectively, below; and

   (g) any other person agreed to by the Producing Party.

6. Except the prior written consent of the Producing Party or by order of the Court, Highly Confidential Information shall not be furnished, shown, or disclosed to any person or entity except:

   (a) Persons who appear on the face of designated materials marked as Highly Confidential as an author, addressee, or recipient thereof;

   (b) Counsel for the parties to this action;

   (c) Experts for the parties to this action in the manner described in paragraph 8 below;

(d) The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court; but any public filing will be filed under temporary/restricted access in the Clerk's office in accordance with Section 14 herein while a sealing motion is pending;

(e) Any mediator employed by the parties and his or her staff;

(f) Court reporters retained to transcribe depositions. Note: Court reporters are not authorized to attach Highly Confidential materials to any transcripts; and

(g) Any other person agreed to by the Producing Party.

7. Highly Confidential and Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

8. Before any disclosure of Highly Confidential or Confidential Information is made to an expert witness or consultant pursuant to paragraphs 5(c) or 6(c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and request and obtain the expert's or consultant's written agreement, in the form of Exhibit 1 attached, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

9. Following the deposition of a Party or non-party, counsel for the deposed Party or non-party may designate the transcript as either Confidential or Highly Confidential Information by notifying all counsel in writing of those portions of the transcript which should be stamped with the appropriate confidential designation.

10. Should the need arise for any Party or, as appropriate, non-party, to disclose Highly Confidential or Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, that Party or, as appropriate, non-party, may do so only after taking such steps, if any, that the Court, following a motion by the Producing Party, shall deem necessary to preserve the confidentiality of such Highly Confidential or Confidential Information.

11. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" or "Highly Confidential Information" under the terms hereof. If a Party seeks to give access to Highly Confidential or Confidential Information to a deposition witness, the Party shall provide the witness with a copy of this Stipulation and request that the witness execute a written agreement, in the form of Exhibit 1 attached below, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply

a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party.  In the event that a witness refuses to execute the agreement to be bound by this Stipulation, the Court may, upon the Party's application, enter an order directing the witness's compliance with the Stipulation, or directing such other steps as the Court may deem necessary under the circumstances.

12. A Party may designate as Highly Confidential or Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion of such materials or information, whether produced before or after the execution of this Stipulation.  In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation.

13. Documents, testimony, or other materials designated as Highly Confidential or Confidential Information may only be filed with the Court under seal or with redactions, unless the Court rules otherwise.

    (a)  Any Receiving or Producing Party who seeks to file any material—including but not limited to pleadings, motion/application papers, affidavits, memoranda, briefs, and exhibits—to the Court using Documents or Testimony which have previously been designated as comprising or containing Highly Confidential or Confidential Information, and/or which reproduces, paraphrases, or discloses Highly Confidential or Confidential Information (Filing Party), shall first a motion to redact and/or seal the Highly Confidential or Confidential Information pursuant to Rule 3(ii) of the Individual Practices of Judge Edgardo Ramos, unless such information is subject to Rule 5.2 of the Federal Rules of Civil Procedure.

    (b)  If the motion to seal or redact is granted in whole or in part, or denied, the Parties shall ensure that all documents that are the subject of the order to seal or redact are properly filed in accordance with the procedures that govern the filing of sealed or redacted documents on the PACER system and the Individual Practices of Judge Edgardo Ramos within three (3) business days or such time frame as the Court may direct (i.e., if the motion to seal/redact is denied, the documents filed under temporary seal must be replaced with unsealed and unredacted publicly-available copies).

    (c)  All pleadings, briefs, memoranda or other documents which reproduce, paraphrase or disclose any document or content of a document which has previously been designated by a party as comprising or containing Highly Confidential or Confidential Information shall identify each designated document by the production number ascribed to it at the time of production.

14. Any person receiving Highly Confidential or Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms of this Stipulation and shall use reasonable measures to store and maintain the Highly Confidential or Confidential Information so as to prevent unauthorized disclosure.

    (a) Inadvertent disclosure by a Receiving Party of a document, thing, or testimony that a Producing Party has designated as comprising Highly Confidential or Confidential Information shall be treated in the same fashion as a privileged or work product document under Rule 502 of the Federal Rules of Evidence.

15. Any document or information that may contain Highly Confidential or Confidential Information that has been inadvertently produced without identification as to its "confidential" nature may be so designated by the party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the production from which the document or information was disclosed without such designation, or, if the documents and/or information were produced prior to this Stipulation, within a reasonable time following the execution of this Stipulation.

16. Extracts and summaries of Highly Confidential or Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

17. The production or disclosure of Highly Confidential or Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action.  Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential.  Failure to challenge a Highly Confidential or Confidential Information designation shall not preclude a Party or non-party from making a subsequent challenge as to those documents or information.

18. This Stipulation is entered without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any of its provisions by properly-noticed motion to the Court, or to challenge any designation of confidentiality as inappropriate under the Civil Practice Law and Rules or other applicable law.

19. This Stipulation shall continue to be binding after the conclusion of this litigation; however, there shall be no restriction on documents that are used as exhibits in Court unless, and only insofar as, such exhibits were sealed or redacted pursuant to an order of the Court.  This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.  Further, nothing in this Stipulation prevents a Receiving Party from seeking the written permission of the Producing Party, or further order of the

Court, to dissolve or modify the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action; however, documents sealed or redacted by order of the Court prior to, or for a purpose other than, trial shall not remain sealed or redacted for use as trial exhibits absent further order of the Court extending the sealed or redacted status of such documents for use at trial.

20. Nothing in this Stipulation shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

21. Within thirty (30) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Highly Confidential or Confidential Information produced or designated, and all reproductions of such materials, shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Any materials produced to the Court at any stage of the action will be handled pursuant to the Individual Practices of Judge Edgardo Ramos. Each party's counsel will certify by declaration that this Stipulated Protective Order has been complied with by them and their experts/consultants in the form attached as Exhibit 2.

22. If a Receiving Party is called upon to produce Highly Confidential or Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Highly Confidential or Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Highly Confidential or Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

23. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original document, and electronic signatures of counsel of record shall be deemed original signatures.

Dated: New York, New York  
January 15, 2021

SAM P. ISRAEL, P.C.

By: _____  
David Hrovat, Esq.  
Timothy Savitsky, Esq.  
*Attorneys for Plaintiff*  
180 Maiden Lane, 6th Floor  
New York, NY 10038  
Phone: 646-787-9880

Dated: New York, New York  
January 15, 2021

LAZARUS AND LAZARUS, P.C.

By: _____  
Harlan M. Lazarus, Esq.  
Jared H. Louzon, Esq.  
*Attorneys for Defendants*  
240 Madison Avenue, 8th Floor  
New York, NY 10016  
Phone 212-889-7400

IT IS SO ORDERED.

DATED: January 19, 2021  
New York, New York

_____  
Hon. Edgardo Ramos, U.S.D.J.

Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL PART 48

| | |
|---|---|
| SUNWEALTH GLOBAL HK LTD., ET AL.<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>PINDER INTERNATIONAL, INC., ET AL.,<br><br>    Defendant/Counterclaim Plaintiff. | **AGREEMENT WITH RESPECT TO CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIALS**<br><br>Index No.: 654290/2019 |

      I, _____, state that:

1. My address is_____.

2. My present occupation or job description is _____.

3. I have received a copy of the Stipulation for the Production and Exchange of Highly Confidential or Confidential Information (the "Stipulation") entered in the above-entitled action on_____.

4. I have carefully read and understand the provisions of the Stipulation.

5. I will comply with all of the provisions of the Stipulation.

6. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Highly Confidential or Confidential Information that is disclosed to me.

7. I will return all Highly Confidential or Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Highly Confidential or Confidential Information.

8. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____        Signature: _____

Exhibit 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL PART 48

| | |
|---|---|
| SUNWEALTH GLOBAL HK LTD., ET AL.<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>PINDER INTERNATIONAL, INC., ET AL.,<br><br>    Defendant/Counterclaim Plaintiff. | **AGREEMENT RETURN OR DESTROY CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIALS**<br><br>Index No.: 654290/2019 |

I, _____, state that:

1. My address is_____.

2. I certify that I have returned and/or destroyed original copies of all Confidential documents and information received under this Stipulated Confidentiality Agreement and Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Highly Confidential or Confidential Information to counsel.

3. I certify that the experts and consultants hired in this action on behalf of my client(s) have returned and/or destroyed original copies of all Highly Confidential or Confidential documents and information received under this Stipulated Confidentiality Agreement and Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information to me. I further certify that I have returned such Highly Confidential or Confidential Information to counsel.

Dated: _____        Signature: _____